UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MICHAEL P. TRICASO, | ) | CASE NO. 5:22CV218 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| WARDEN, F.C.I. ELKTON, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Michael Tricaso has filed this petition pursuant to 28 U.S.C. § 2241. Specifically, Tricaso contends that the Bureau of Prisons has "arbitrarily and capriciously" determined that he would be ineligible for a sentence reduction if he successfully completed the Residential Drug Abuse Program ("RDAP").

The Ninth Circuit has previously recognized that claims such as the one raised by Tricaso are not cognizable before this Court:

> Congress specified in 18 U.S.C. § 3625, entitled Inapplicability of the Administrative Procedure Act, that "[t]he provisions of sections 554 and 555 and 701 through 706 of [the APA] do not apply to the making of any determination, decision, or order under [18 U.S.C. §§ 3621–3625]." 18 U.S.C. § 3625. In determining whether 18 U.S.C. § 3625 precludes judicial review under the APA of individualized RDAP determinations, we first consider the plain meaning of the statute's text. When the words of a statute are unambiguous judicial inquiry is

1

> complete.
>
> There is no ambiguity in the meaning of 18 U.S.C. § 3625. The plain language of this statute specifies that the judicial review provisions of the APA, 5 U.S.C. §§ 701–706, do not apply to "any determination, decision, or order" made pursuant to 18 U.S.C. §§ 3621–3624. The BOP has authority to manage inmate drug treatment programs, including RDAP, by virtue of 18 U.S.C. § 3621. To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625. Accordingly, any substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court.

*Reeb v. Thomas*, 636 F.3d 1224, 1226–27 (9th Cir. 2011)(citations and quotations omitted). Accordingly, Tricaso may not challenge the BOP's determination with respect to his eligibility for a sentence reduction.

To the extent that Tricaso's petition could be seen as challenging the overall policy utilized by the BOP, it must also fail. 28 C.F.R. § 550.55(b)(5)(ii) dictates that an inmate is not eligible for early release if he or she was convicted of "[a]n offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device." Tricaso was convicted of possession of an unregistered firearm in violation of 26 U.S.C. 5861(d). As such, his conviction falls squarely within the prohibition expressed by Congress. Contrary to Tricaso's contention, there is nothing ambiguous about this prohibition, nor is there any requirement that the BOP examine the underlying facts of his conviction before determining that he is ineligible for early release.

Based on the foregoing, Petitioner's petition is DENIED and DISMISSED pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

Date: October 18, 2022                      */s/ John R. Adams*
                                                            JOHN R. ADAMS
                                                            UNITED STATES DISTRICT JUDGE